UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GRIFFIN HEADRICK,<br><br>              Petitioner,<br><br>     v.<br><br>RICHARD MORGAN,<br><br>              Respondent. | Case No.  C05-5226FDB<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for April 29, 2005 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner is an inmate at the Washington State Penitentiary.  He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. #1).  Because petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the court deny the application.

DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* Temple v. Ellerthorpe, 586

REPORT AND RECOMMENDATION
Page - 1

1  F.Supp. 848 (D.R.I. 1984); <u>Braden v. Estelle</u>, 428 F.Supp. 595 (S.D.Tex. 1977); <u>U.S. ex rel. Irons v.</u>

2  <u>Com. of Pa.</u>, 407 F.Supp. 746 (M.D.Pa. 1976); <u>Shimabuku v. Britton</u>, 357 F.Supp. 825 (D.Kan. 1973),

3  *aff'd,* 503 F.2d 38 (10th Cir. 1974); <u>Ward v. Werner</u>, 61 F.R.D. 639 (M.D.Pa. 1974).

4      Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Because petitioner has not submitted the written consent required by Local Rule CR 3(b)(2), his application is incomplete. Nevertheless, for the reasons set forth below, the undersigned recommends that application be denied.

By requesting the court to proceed *in forma pauperis*, petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. Petitioner's six-month prison trust account statement indicates that he has average monthly receipts of $41.67 and an average spendable balance of $7.95. In addition, petitioner states in his application that he has $381.00 in "prison savings." Given the fact that a prisoner's basic needs are provided for while incarcerated and the minimal filing fee required to proceed with this action ($5.00), it is not unreasonable to expect petitioner to pay that fee from the funds he apparently has available to him in his prison trust account.

## CONCLUSION

Because it is reasonable to expect petitioner to incur the costs to proceed with his petition, the undersigned recommends that the court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the court order petitioner to pay the required filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. <u>See also</u> Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those

objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 29, 2005**, as noted in the caption.

      Dated this 5th day of April, 2005.

                                          /s/ Karen L. Strombom
                                          KAREN L. STROMBOM
                                          United States Magistrate Judge