UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GRIFFIN HEADRICK,

            Petitioner,

      v.

RICHARD MORGAN,

            Respondent.

Case No.  C05-5226FDB

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

On March 24, 2005, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d).  Section 2244(d) reads:

    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

For those persons in state custody whose convictions became final prior to the enactment of the AEDPA, the statute of limitations began to run on April 24, 1996, the date the AEDPA was enacted, and expired one year later on April 24, 1997, unless statutory tolling applied. Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir.1997), *overruled in part on other grounds by* Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir.1998) (en banc); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Plaintiff states in his petition that he was convicted and sentenced in Clark County Superior Court on October 22, 1992. Petition, p. 2[1]; Appendix A, attached to Petition, p. 1.  While petitioner states that he appealed his conviction, he provides no information regarding that appeal. Petition, pp. 2-3.  Petitioner also filed a writ of habeas corpus in the Washington State Supreme Court on October 22, 2004, which he states was re-designated as a personal restraint petition by the Clerk and Deputy Clerk of the Washington State Supreme Court on November 4, 2004, and transferred to the Washington State Court of Appeals, Division II, on December 29, 2004. Petition, p. 5; Appendix B and D, attached to Petition.

By petitioner's own admission, he filed his personal restraint petition with the Washington State Supreme Court ten years after he was sentenced and convicted.  Thus, because petitioner has provided no

---

[1]This is actually the first page of petitioner's petition.  However, it is numbered page "(2)" at the bottom.  Thus, the second page of petitioner's petition is numbered page "(3)," and so on. For the sake of clarity and consistency, the court has used the page numbers that appear on the pages of petitioner's petition in its citations.

evidence that he actually filed a direct appeal of his conviction and sentence, it appears his federal *habeas corpus* petition is now time barred.   In any event, it also appears the state courts have not completed their review of his state petition. Petition, p. 5; Appendix D, attached to Petition.

Accordingly, the Court shall not serve the petition on respondent.  Nevertheless, the court shall grant petitioner the opportunity to show that his federal *habeas corpus* petition is not now time-barred. Thus, petitioner shall file by **no later than June 25, 2005**, an amendment to his petition explaining why this matter should not be dismissed as untimely.

The Clerk shall send a copy of this Order to petitioner.

DATED this 25th day of May, 2005.


Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3